UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-22079-CIV-JORDAN

| | |
|---|---|
| LUISA M. DEVIA, | ) |
| Plaintiff | ) ) |
| vs. | ) |
| PICASSO CLOTHING CARE, INC., | ) ) |
| JOSE LUSTGARTEN, | ) |
| DIANA LUSTGARTEN, | ) ) |
| Defendants | ) |
| _____ | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Ms. Devia filed this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*, and alleges that she was employed as a "drycleaners worker" at Picasso Clothing Care from about September 12, 2005 until about July 9, 2007. In Count I, she alleges that she worked an average of 42.5 hours per week and was never paid any overtime for the 2.5 hours of overtime work per week. In Count II, she asserts that she was not paid for approximately 30 to 40 hours of straight time pay between November 2006 through July 2007, "because the payments were always late as they were made approximately 5 to 7 days beyond the pay period." *See* Amended Complaint ¶ 11. The defendants move to dismiss the amended complaint on three grounds: (1) Ms. Devia failed to append a written consent as dictated by 29 U.S.C. § 216(b); (2) the "late payment" allegations fail to state a claim upon which relief can be granted; and (3) that the allegations concerning unpaid overtime require a more definite statement.

For the following reasons, the defendants' motion to dismiss [D.E. 8] is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). The court must limit its

consideration to the pleading.  *See GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993).  The plaintiff's factual allegations are accepted as true and all reasonable inferences from these allegations are drawn in their favor.  *See Roberts v. Florida Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir. 1998).   However, the plaintiff must allege more than "labels and conclusions."  *See Financial Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (May 21, 2007)).  The factual allegations in the complaint must "possess enough heft" to set forth "a plausible entitlement to relief."  *Id.*  Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## II. DISCUSSION

### A. WRITTEN CONSENT REQUIREMENT

The defendants first argue that because Ms. Devia failed to append a written consent as dictated by 29 U.S.C. § 216(b), her complaint should be dismissed.  Indeed, Ms. Devia states that, "[t]his case is brought as an opt-in complaint under 29 USC 216(B)."  *See* Amended Complaint ¶ 4.  The plain language of the statute requires a party-plaintiff to opt-into an action.[1] *See De Leon-Granados v. Eller and Sons Trees Inc.*, 497 F.3d 1214, 1218-19 (11th Cir. 2007). The consent in writing requirement seeks "to eradicate the problem of totally uninvolved employees gaining recovery as a result of some third party's action in filing suit."  *See Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (citing *Arrington v. Nat'l Broad. Co.*, 531 F. Supp. 498, 500 (D.D.C. 1982)).  Ms. Devia is unable to join other plaintiffs because she failed to submit a written consent on behalf of any other employees.  But, the consent requirement does not bar Ms. Devia from asserting her own claims,

---

[1] In relevant part, § 216(b) specifically states:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*

29 U.S.C. § 216(b) (emphasis added).

2

as the defendants argue.  The consent requirement is triggered by others who wish to join the lawsuit and numerous courts have held that the purpose of this requirement is to facilitate intervention by *other* employees.  *See, e.g., id.* at 1249.  Despite Ms. Devia's carelessly drafted complaint, she may proceed with her case.  The defendants' motion to dismiss on this ground is therefore DENIED.

### B. "LATE PAYMENT" ALLEGATIONS

The defendants next argue that the substantive allegations of the amended complaint merely allege that Ms. Devia was paid a week after the work was performed.  Indeed, at the hearing on the previous motion to dismiss, I advised Ms. Devia's counsel that asserting that she was not paid "because the payments were always late as they were made approximately 5 to 7 days beyond the pay period" fails to state a claim.  I indicated that Ms. Devia must be more specific when she amends the complaint and she must specify what she means by the term "late." The allegations in the amended complaint, however, are nearly identical to those in the initial complaint.  *Compare* Complaint ¶ 10 *with* Amended Complaint ¶ 11.  As the defendants correctly argue, it is not unusual for employers to set payday a week in arrears of the work week for which compensation is being paid.  I understand that an employer may be liable if it fails to pay wages on a timely basis and that failure results in the employee not receiving the minimum wage.  *See, e.g., Olson v. Superior Pontiac-GMC, Inc.,* 765 F.2d 1570, 1579 (11th Cir. 1985). But Ms. Devia has not alleged that the wages were paid after the scheduled pay date.  Nor has she alleged what the pay date was in comparison to when wages were paid.  Ms. Devia fails to properly state a claim and Count II is therefore DISMISSED WITHOUT PREJUDICE.

### C. ALLEGATIONS CONCERNING UNPAID OVERTIME

The defendants also argue that Ms. Devia fails to clearly state the weeks for which she worked overtime and did not receive any overtime compensation.  This argument lacks merit. Ms. Devia asserts that she worked for Picasso Clothing Care from about September 12, 2005 until about July 9, 2007, and that she "was never paid any overtime for the 2.5 hours of overtime work per week."  Reading the two allegations together, Ms. Devia clearly sets forth the time for which she seeks overtime compensation.  The motion to dismiss on this ground is therefore DENIED.

### III. CONCLUSION

The defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  The defendants shall file their answer by October 20, 2008.

DONE and ORDERED in chambers in Miami, Florida, this 30th day of September, 2008.

_____
Adalberto Jordan
United States District Judge

Copy to:        All counsel of record

4